**James Darrell SHORTT, Petitioner–Appellant,**

v.

**Ernie ROE, Warden, Respondent–Appellee.**

No. 06–56172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2009.

Filed Aug. 14, 2009.

---

Peter Giannini, Esq., Los Angeles, CA, for Petitioner–Appellant.

Theresa A. Patterson, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: RYMER and GRABER, Circuit Judges, and ALDRICH,* District Judge.

## MEMORANDUM **

Petitioner James Darrell Shortt appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of murder and robbery. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand with instructions to grant the writ, conditioned upon the state's decision within 90 days to retry Shortt.

The state violated Shortt's due process rights when it failed to disclose favorable material evidence regarding prosecution witness Cisneros, and when it failed to correct Cisneros' false testimony. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct.

1194, 10 L.Ed.2d 215 (1963). Specifically, the state failed to disclose that Cisneros had been given sentencing consideration in exchange for his testimony against Shortt and then failed to correct or disclose Cisneros' perjurious testimony regarding consideration received for his cooperation and testimony. The state also failed to disclose impeaching psychiatric opinions and reports, and probation reports from prior cases involving Cisneros. The Los Angeles County Superior Court's rejection of those claims was an objectively unreasonable application of clearly established federal law for purposes of the Antiterrorism and Effective Death Penalty Act of 1996. *See Brady,* 373 U.S. at 87, 83 S.Ct. 1194 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"); *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) (holding that the "principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witnesses").

REVERSED and REMANDED with instructions to grant the writ, conditioned on the state's decision to retry Shortt. The state has 90 days to make a decision as to retrial.

---

* he Honorable Ann Aldrich, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.